UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP BERRYMAN, #107202,

        Plaintiff,

v.

        CASE NO. 2:15-CV-14108
        HONORABLE PAUL D. BORMAN

CORIZON HEALTH, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER DENYING APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE, DISMISSING CIVIL RIGHTS COMPLAINT, AND DENYING OUTSTANDING MOTIONS**

## I.    Introduction

Michigan prisoner Philip Berryman ("Plaintiff"), currently confined at the Macomb Correctional Facility, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, a motion for temporary and permanent injunction, an application to proceed without prepayment of fees or costs so that he may proceed without prepaying the $350.00 filing fee for this action, *see* 28 U.S.C. § 1915(a)(1), and a motion to allow him to proceed without prepayment of the filing fee.

In his complaint, Plaintiff alleges that the defendants have conspired to falsify contents of grievances, have withheld ruling on grievances, have conspired to falsify and conceal evidence, have failed to disclose evidence, have destroyed or confiscated legal

1

materials, and have retaliated against him in violation of his constitutional rights. He names Corizon Health, Inc. and several Michigan Department of Corrections employees as the defendants in this action and sues them in their official and personal capacities. He seeks monetary damages, as well as declaratory and injunctive relief.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court having filed more than 30 civil actions. The Court's records reveal that he has filed at least three prior civil actions

2

which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Berryman et al. v. Gabry et al.*, No. 2:95-cv-71811 (E.D. Mich. March 27, 1996); *Berryman v. Berardo*, No. 2:91-cv-71329 (E.D. Mich. April 30, 1991); *Berryman v. Jabe et al.*, No. 2:89-cv-72658 (E.D. Mich. Oct. 20, 1989). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, those dismissals nevertheless count as strikes. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Plaintiff has also been put on notice that he is a three-striker and had cases dismissed pursuant to 28 U.S.C. § 1915(g). *See, e.g., Connor, et al. v. Heyns, et al.*, No. 1:13-cv-963 (W.D. Mich. Oct. 4, 2013); *Crawford et al. v. Prison Health Services et al.*, No. 1:12-cv-409 (W.D. Mich. June 21, 2012); *Berryman v. Blackman et al.*, No. 1:97-cv-692 (W.D. Mich. Nov. 7, 1997).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception, *id.*, as is an assertion of the potential for future harm. *See Vandiver v. Vasbinder*, No. 08-

3

2602, 2011 WL 1105652, *2 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing.").

In his motion, Plaintiff asserts that he should be allowed to proceed without prepayment of the filing fee because he is 72 years old and has several medical conditions, including coronary artery disease, treated prostate cancer, vocal cord cancer, esophagitis, degenerative disc disease with paraplegia, asthma, hypertension, and high cholesterol.  He also asserts that he has ongoing infections.  While Plaintiff certainly has serious medical conditions, he nonetheless fails to allege facts which show that he is under "imminent danger of serious physical injury" so as to fall within the exception to the three strikes provision set forth in 28 U.S.C. § 1915(g).  Moreover, his current complaint does not directly involve his medical care, but instead concerns the prison grievance procedure and how prison officials have responded to grievances, complaints, and other legal actions that he has filed in the past.  *See, e.g., Daniel v. Lafler*, No. 08-cv-13817, 2009 WL 2386064, *3 (E.D. Mich. July 28, 2009) (prisoner failed to show that he was in imminent danger where those allegations were unrelated to underlying complaint); *see also Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (stating that there must be a nexus between the imminent danger and the legal claims in the complaint).  Plaintiff fails to establish that he should be allowed to proceed without prepayment of the filing fee despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee for this action and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee.  Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed under 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  Given this decision, the Court also **DENIES** Plaintiff's outstanding motions as moot.  Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

    **IT IS SO ORDERED.**

    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: December 7, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 7, 2015.

        s/Deborah Tofil
        Case Manager